IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH F. COHN,

        Plaintiff,

v.                                      No. CIV 02-0971 DJS

JO ANNE B. BARNHART,
Commissioner of the
Social Security Administration,

        Defendant.


**MEMORANDUM OPINION AND ORDER**

        This matter is before the Court on Plaintiff's Motion for an Order Authorizing Attorney Fees **[Doc. No. 26]**, filed August 16, 2006.[1] Plaintiff moves the Court for an Order authorizing attorney fees in the amount of $8,975.00 for legal services rendered before the Court. Plaintiff's counsel has already received $5,300.00, minus the $75.00 user fee, from the Commissioner for administrative services. This administrative services fee is separate from the request for legal services before the Court. Plaintiff's counsel indicates Plaintiff will receive the Equal Access to Justice Act (EAJA) fees counsel received in the amount of

---

[1] As the Commissioner points out, in *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006), the Tenth Circuit held that §406(b)(1) permits the district court to award attorneys' fees for work before the court when benefits are awarded at the agency level on remand. The Tenth Circuit also approved of using Rule 60(b)(6) of the Federal Rules of Civil Procedure to seek a §406(b) fee award, noting that such a motion "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *Id.* at 505. In this case, Plaintiff did not file a Rule 60(b)(6) motion. Nonetheless, Plaintiff's motion for attorney fees is timely.

$2,766.25, minus $36.75 for advanced costs, and $976.25 gross receipts tax.  The Commissioner "declines to assert a position on the reasonableness of Plaintiff's request, as she is not the true party in interest." *See Gisbrecht v. Barnhart*, 535 U.S.789, 798 n.6 (2002).

As part of its judgment in social security disability cases, the Court may allow "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant.  42 U.S.C. § 406(b)(1)(A).  The fee is payable out of the claimant's past-due benefits.  The EAJA provides for fees payable by the United States.  EAJA fees are determined not by a percent of the amount recovered but by the time expended and the attorney's hourly rate.  28 U.S.C. § 2412(d)(1)(B).  Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.  *Gisbrecht v. Barnhart*, 535 U.S. at 795.  "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

In *Gisbrecht*, the Supreme Court noted that the traditional lodestar method shifts the cost of litigation fees to the loser, whereas in social security disability cases, the cost of litigation fees is being shifted to the prevailing claimant.  The Court concluded:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent

> boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 809 (internal citation omitted).  Accordingly, the Court first looks to the contingent-fee agreement and then tests it for reasonableness.  The Court must act as an independent check on such arrangements to assure that they satisfy the statutory requirement of yielding a "reasonable" result in particular cases.  *Id.*  Attorney fees may be reduced if the representation is substandard, if the attorney is responsible for delay, or if the benefits are large in comparison to the amount of time counsel spent on the case.  *Id.*

Pursuant to § 406(b), Plaintiff's counsel is requesting attorney fees in the amount of $8,975.00 for 17.95 hours expended on this case in federal court.  In support of his motion, Plaintiff's counsel cites to other cases where "similar motions" have been granted.  Pl.'s Mem. in Supp. of Mot. for an Order Authorizing Attorney Fees at unnumbered p. 4.  Plaintiff's counsel also submitted an affidavit, attesting to the fact that his firm does no hourly work because "an hourly rate would not adequately reflect the unique skills and wealth of experience" of the members of his law firm.  Martone Aff. at ¶ 5.  Plaintiff's counsel has submitted his record of the hours spent representing Plaintiff before the Court.  That record indicates Plaintiff's counsel spent 17.95 hours representing Plaintiff  before the Court.  *Id.* ¶ 6.

The Court is aware that counsel's law firm specializes in Social Security disability and Social Security Income cases.  However, the Court finds that in this particular case the benefits are large in comparison to the amount of time counsel spent on the case.  The case did not involve novel or difficult issues.  Plaintiff's request for $8,975.00 in attorney fees,

resulting in compensation of $500.00 per hour, is unreasonable under the facts of this case. Accordingly, the Court will grant Plaintiff's motion for attorney fees in the amount of $6,400.00, which yields an hourly rate of $356.54.

**IT IS SO ORDERED.**

_____
**DON J. SVET**
**UNITED STATE MAGISTRATE JUDGE**